IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00297-PAB

CORRENA MONTOYA, individually and as guardian and next friend of minor children
Mariah M. Montoya, David Lee Montoya and Shantee A. Montoya,

    Plaintiff,

v.

ROBERT ERNEST SWANEY, III, M.D.,
RONALD R. HARRIS, M.D.,
COLORADO PERMANENTE MEDICAL GROUP, P.C., and
KAISER FOUNDATION HEALTH PLAN OF COLORADO, a Colorado corporation,
also known as Kaiser Permanente,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's motion for remand [Docket No. 7]. Jurisdiction in this case is premised upon 28 U.S.C. § 1331 (federal question). This case has been pending before the Colorado State District Court since October of 2007. According to the defendants, they all were served and answered plaintiff's operative complaint by January 21, 2008. Defendants claim that in the briefing surrounding a motion for summary judgment filed by defendant Kaiser Foundation Health Plan of Colorado in the state court action, plaintiff asserted for the first time what amounts to a claim under the federal Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants then contend that the judge in the state court action, through a February

11, 2009 order denying the motion for summary judgment, approved plaintiff's attempts at proceeding with the "previously unpled" ERISA claim. *See* Notice of Removal ¶ 4.

On February 12, 2009, defendants filed their notice of removal with this Court. According to defendants, removal was proper under 28 U.S.C. § 1441(b) – "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties" – in correlation with ERISA.

"[A]n inquiry into the propriety of removal under § 1441(b) necessarily incorporates an inquiry into subject matter jurisdiction." *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998). Defendants, as the parties invoking federal jurisdiction, bear the burden of proof as to this Court's jurisdiction over the subject matter of this case. *See Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d. 1162, 1165 (10th Cir. 1999) (quoting *Marcus v. Kansas*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

Therefore, defendants bear the burden of proving that plaintiff's case as it presently exists presents "a claim or right arising under the Constitution, treaties or laws of the United States . . . ." Defendants' assertions regarding this fact rest entirely on the content of the state court judge's February 11, 2009 Order. However, that Order states, "It is not even clear in this case whether ERISA applies to the subject Health Plan, that is, whether that plan was a qualified ERISA plan within the meaning of 29 U.S.C. § 1002 (2009). But even if it were a qualified plan, I conclude that the rather unusual record-keeping claim Plaintiffs assert here against Kaiser is not pre-empted by ERISA."

*See* Mot. for Immediate Remand at 1.[1]  The state court judge has stated that the intent behind his order was not to approve an ERISA-based claim.  *See* Mot. for Immediate Remand, Ex. 1 (Notice) at 1 ("The notice of removal also mischaracterizes my Order of February 11, 2009, which decidedly did not approve a claim 'attacking the administration of Plaintiff's health benefits.'  On the contrary, I expressly concluded that this claim – alleging that Defendant Kaiser negligently dropped all mention of decedent's life-threatening heart condition when it converted its paper medical records into electronic form – had nothing whatsoever to do with plan administration and was therefore not pre-empted.").

Defendants' removal is also defective for procedural reasons.  Section 1446 of Title 28 dictates the procedure for removal of a case to this Court.  It states, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

---

[1] I take judicial notice of the documents in the state court action as public records.  *See Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n. 2 (D.Colo. Nov.22, 2006) (unpublished opinion) ("This Court may take judicial notice of court documents and matters of public record."); *see also* Fed. R. Evid. 201(b).

28 U.S.C. § 1446(b) (2006) (emphasis added).

Defendants rely on the state court judge's February 11, 2009 Order to establish the requisite triggering of section 1446(b). Because that Order did not create a federal question, it could not renew the 30-day window under section 1446(b). Furthermore, because defendants have failed to prove that the order in question served as the source "from which it may [have] *first* [been] ascertained that the case is one which is or has become removable," I conclude that defendants' removal was procedurally flawed and untimely.

Therefore, it is

**ORDERED** that plaintiff's motion for immediate remand [Docket No. 7] is GRANTED. It is further

**ORDERED** that the pending motions in limine [Docket Nos. 5, 6] are DENIED as moot. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 8] is DENIED as moot. It is further

**ORDERED** that this case is REMANDED to the District Court, City and County of Denver, Colorado, where it was originally filed as Case No. 07CV10387, Courtroom 3.

DATED February 13, 2009.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge

4